**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KEITH L. BROWN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-07-222-M** |
| | ) | |
| **ERIC FRANKLIN, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss the petition [Doc. No. 10] and a brief in support [Doc. No. 9], alleging the petition is untimely pursuant to 28 U.S.C. § 2244(d).[1] Petitioner has responded to the motion to dismiss [Doc. No. 11, "Motion to Reply to Motion to Dismiss," hereinafter "Petitioner's Reply"). Thus, the matter is at issue. For the reasons set forth hereafter, it is recommended that Respondent's motion be granted and the petition dismissed as untimely.

Background

[1]Because an initial review of petition indicated that it was untimely filed, Petitioner was ordered to show cause why the petition should not be dismissed as time-barred. [Doc. No. 5]. In his response to the order, Petitioner argued that the court should deem his petition timely based on his assertion that trial counsel was ineffective for allowing an innocent person to be convicted and that newly discovered evidence shows that he is factually innocent of the crime for which he is incarcerated. [Doc. No. 6, hereinafter "Response to Show Cause Order"]. Respondent was thereafter ordered to respond to the petition and filed the motion to dismiss at issue herein. In his reply to the motion, Petitioner has presented somewhat different arguments in support of his claim of equitable tolling. The undersigned has liberally construed and considered both of Petitioner's pro se documents addressing equitable tolling.

Petitioner is attempting to challenge his conviction of shooting with intent to kill, for which he was sentenced to a term of life imprisonment. Case No. CF-1999-174, District Court of Logan County. Petition at 2;[2] *see also* Respondent's Brief, Ex. 4 (Docket in Case No. CF-1999-174).[3] Petitioner filed a direct appeal, alleging that his sentence was excessive, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's conviction and sentence. Respondent's Brief, Ex. 3 (Case No. F-2000-747). As discussed in more detail *infra*, Petitioner's two attempts to challenge his conviction and sentence through state post-conviction actions were not considered by the state appellate court.

Petitioner raises three grounds for habeas relief, alleging (1) he received ineffective assistance of trial and appellate counsel; (2) he is actually innocent because the prosecutor failed to disclose and defense counsel failed to pursue alibi evidence favorable to Petitioner; and (3) the trial court erred in determining that Petitioner would be sentenced as an adult offender.

**Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which took effect on April 24, 1996, amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

> (A) the date on which the judgment became final by the conclusion

---

[2]The first page of the printed form petition reflects page number two; the undersigned will refer to the page numbers as printed in the petition.

[3]The state court docket shows that an additional charge of attempted armed robbery was dismissed by the court on December 20, 1999, prior to trial, based on a finding of a lack of probable cause. Respondent's Brief, Ex. 4 at pp. 5-6.

of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by Section 2244(d)(1)(A) unless a petitioner alleges facts that would implicate the provisions set forth in Section 2244(d)(1)(B),(C), or (D) above. *Preston v. Gibson,* 234 F.3d 1118, 1120 (10th Cir. 2000). In calculating the limitation period for actions under 28 U.S.C. § 2254, federal courts are required to toll the time spent seeking "post-conviction or other collateral review with respect to the pertinent judgment or claim" in state court. *See* 28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998).

Under the time frame in § 2244(d)(1)(A), Petitioner's habeas action is untimely. Following his conviction, Petitioner filed a direct appeal, and the OCCA affirmed Petitioner's conviction and sentence on April 16, 2001. Respondent's Brief, Ex. 3. Petitioner did not seek certiorari from the Supreme Court, Petition at 3 and Respondent's Brief at 2, so his conviction became final for limitations purposes 90 days later, on July 16, 2001. *See* 28 U.S.C. § 2101; *see also* Sup. Ct. R. 13; *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001) ("Under the statute, a petitioner's conviction is not final and the one-

year limitation period for filing a federal habeas petition does not begin to run until . . . 'after the United States Supreme Court has denied review, or if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed'") (quoting *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999)). Therefore, the one year period for filing Petitioner's federal habeas petition expired on or about July 16, 2002. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding that one-year limitation period under § 2244(d)(1) expires on anniversary date of the triggering event). Absent statutory or equitable tolling, the instant petition, filed at the earliest on February 13, 2007,[4] is untimely pursuant to § 2244(d)(1)(A).[5]

Statutory Tolling

The tolling provision in 28 U.S.C. § 2244(d)(2), provides that the one-year limitation period is tolled during the time that a properly filed application for state

---

[4]The petition bears a file-stamped date from this Court of February 22, 2007. However, the petition was signed on February 13, 2007, and contains a verification and certificate of mailing date of February 13. Petition at 7,8, and 9. The petition is deemed "filed"" when the petitioner gave it to prison authorities for mailing. *Fleming v. Evans*, 481 F.3d 1249, n.2 (10th Cir. 2007); *Hoggro*, 150 F.3d at 1227 (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)).

[5]In a vague and conclusory manner, Petitioner attempts to invoke the separate tolling provision of § 2244(d)(1)(B), stating that "both the Public Defender's office and the prosecutor are state agencies," and he was "prevented from filing by ineffective assistance of counsel" and also prevented "by the prosecutory misconduct by with holding exculpatory evidence." Petitioner's Response to Show Cause Order at 6. However, the undersigned finds that Petitioner has failed to allege facts showing the existence of an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States." 28 U.S.C. §2244(d)(1)(B). Therefore, this provision does not extend the limitation period beyond the July 16, 2002, date under § 2244(d)(1)(A).

Likewise, to the extent Petitioner claims his petition is timely under 28 U.S.C. § 2244(d)(1)(D) (providing that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"), his argument fails. Petitioner's Response to Show Cause Order at 4. Under this subsection, the limitations period would have started during Petitioner's trial in April 2000, when Petitioner's counsel failed to call Ms. Shepherd to testify as a witness, although Petitioner states that he instructed him to do so. Respondent's Brief, Ex. 4 at p. 9. (jury trial proceedings held April 17 and 18, 2000). Thus, the separate tolling provision of §2244(d)(1)(D) is also inapplicable in this case. Petitioner's claim that his actual innocence claim should equitably toll the one-year limitation period is discussed *infra.*

post-conviction relief is pending. *See Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000); *see also Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (time tolled includes all periods during which a prisoner is attempting through proper use of state court procedures to exhaust state post-conviction remedies).

The docket record shows that during the one-year limitation period Petitioner filed on July 16, 2001, a motion for a suspended sentence, which was denied by the trial court on September 21, 2001. Respondent's Brief, Ex. 4 p. 15. Also, on July 11, 2002, approximately one week before the limitation period expired, Petitioner filed a motion for sentence modification but on August 16, 2002, Petitioner moved to strike the motion, and pursuant to an order entered on September 20, 2002, the motion for sentence modification was withdrawn. *Id.*

The Tenth Circuit has repeatedly held in unpublished opinions that such motions seek discretionary review in Oklahoma courts, are not appealable, and therefore do not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period. *See Clemens v. Sutter*, No. 07-5004, 2007 WL 1271908, *2 n.1 (10th Cir. May 2, 2007) (unpublished decision) ("motions to modify a sentence [in Oklahoma] do not constitute post-conviction proceedings that toll the limitations period") (citing *Bridges v. Johnson*, 284 F.3d 1201, 1203-1204 (11th Cir. 2002)); *Garrett v. Howard*, No. 06-5160, 2006 WL 3237998 (10th Cir. Nov. 9, 2006) (unpublished decision) (finding petition seeking judicial review and sentence modification [in Oklahoma] sought discretionary review and is not an "application for State post-conviction or other collateral review" under § 2244) (citation omitted); *Nicholson v. Higgins*, No. 05-7032, 2005 WL 1806446

*1 n.2 (10th Cir. Aug. 2, 2005) (unpublished decision) (stating that denials of motions for judicial review of sentences in Oklahoma do not "constitute post- conviction proceedings for purposes of tolling the AEDPA limitations period"). As a result, Petitioner is not entitled to statutory tolling of the limitations period for the period his motions requesting suspension or modification of Judgment and Sentence were pending in the state district court.[6]

Additionally, Petitioner is not entitled to statutory tolling based on his two applications for post-conviction relief because both were filed nearly one year after the § 2244(d)(1)(A) one-year period had elapsed.[7] *See e.g., Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."), *cert. denied,* 127 S.Ct. 3007 (2007)*; Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (finding petitioner's federal habeas petitions were not tolled for time spent in state post-conviction proceedings because his applications were not filed until after the end of the applicable one-year period). Therefore, statutory tolling is unavailable in this case. Absent a basis for equitable tolling, the petition, filed on February 13, 2007, is time-barred.

Equitable Tolling

---

[6] This and any other unpublished decision are cited herein as persuasive authority pursuant to Tenth Circuit Rule 32.1.

[7] Petitioner's first application for post-conviction relief was not filed until June 16, 2003, and the district court denied the application on September 19, 2003. Respondent's Brief, Ex. 4. pp. 15-16 (docket showing that an order concerning that denial was entered on January 5, 2004). Petitioner appealed but the OCCA declined jurisdiction and dismissed the appeal. *Id.*, p. 17; *see also* Petition at 4 (citing Case No. PC-2004-160). Petitioner's second application was filed on June 15, 2006, and the district court denied the application on August 11, 2006; an order reflecting that denial was entered on September 26, 2006. Respondent's Brief, Ex. 4, at pp. 17-18. Petitioner appealed the denial, but on November 21, 2006, the OCCA declined jurisdiction and dismissed the appeal. Petition at 4 (citing Case No. PC-2006-1158); *see also* Respondent's Brief, Ex. 4,at p. 19.

The limitation period may also be subject to equitable tolling in rare and exceptional circumstances. *Burger v. Scott*, 317 F. 3d 1133, 1141 (10th Cir. 2003).[8] One such circumstance may exist when "a constitutional violation has resulted in the conviction of one who is actually innocent or incompetent." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (citing *Schlup v. Delo*, 513 U.S. 298, 324-29 (1995)). But equitable tolling is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). *See also Clark v. Oklahoma*, 468 F.3d at 714 (equitable tolling does not apply unless a petitioner shows both extraordinary circumstances preventing timeliness and diligent pursuit of his claim). The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998). As discussed hereafter, Petitioner has failed to meet his burden under either of these requirements.

In reply to the motion to dismiss, Petitioner requests that the Court grant equitable tolling based upon a claim of actual innocence.[9] Petitioner's Reply at 1 (unpaginated)

---

[8]The Supreme Court has not specifically decided the issue of whether equitable tolling applies to time limits for the filing of federal habeas petitions by state prisoners but has assumed arguendo that equitable tolling is available. *See Lawrence v. Florida*, __U.S.__, 127 S.Ct. 1079, 1085 (2007). In *Lawrence*, the Court referred to the standards for equitable tolling articulated in *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005): a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from making a timely filing. *Lawrence*, 127 S.Ct. at 1085.

[9]In Ground Two of the petition, Petitioner alleges that he is actually and factually innocent because the prosecutor failed to disclose and his trial attorney failed to pursue "evidence favorable to Defendant; i.e., alibi testimonial evidence." Petition at 5. Additionally, Petitioner alleges that trial and appellate counsel rendered ineffective assistance by failing to raise the claims "contained in Petitioner's pro se post-conviction proceedings," presumably a claim of actual innocence. *Id.*; *see also* Petition at 4 (asserting "ineffective assistance of trial and appellate counsel/actual innocence" were claims raised in second application for post-conviction relief). Additionally, in his response to the undersigned's show cause order, *see supra* Note 1, Petitioner asserts that his petition should be deemed timely because prosecutorial (continued...)

(citing *Gibson v. Klinger*, 232 F.3d at 808). In support of his actual innocence equitable tolling argument, he has attached an undated and unsworn handwritten note by Sandra Shepherd regarding Petitioner's whereabouts on the date in question. *Id.*, Attached note. Respondent contends that Petitioner is not entitled to equitable tolling because "Petitioner has presented nothing to support a claim of actual innocence." Response at 3. Actual innocence has been recognized by the Tenth Circuit as equitable grounds for not applying the AEDPA period of limitation. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (citing *Gibson*, 232 F.3d at 808); *see also Miller*, 141 F.3d at 978. However, for the reasons that follow, the undersigned finds that Petitioner's argument of actual innocence is insufficient to support a finding of equitable tolling.

To qualify for the "actual innocence" exception, Petitioner must provide evidence of a "fundamental miscarriage of justice," meaning that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). That standard requires Petitioner to "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Thus, "the *Schlup* standard is demanding and permits review only in the 'extraordinary case.'" *House v. Bell*, __U.S. __, 126 S.Ct. 2064, 2077 (2006) (quoting *Schlup*, 513 U.S. at 327). "A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new

---

[9](...continued)
misconduct and ineffective assistance of counsel caused an actually innocent person to be convicted. [Doc. No. 6].

evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *Id. See also Price v. Friel*, No. 07-4094, 2007 WL 2452699, *1 (10th Cir. Aug. 30, 2007) (unpublished decision) (applying standard in *House v. Bell*, *supra*, to actual innocence claim asserted as a basis for equitably tolling the § 2244(d)(1) limitations period); *Rose v. Newton-Embry*, No. 05-6245, 2006 WL 2536601 (10th Cir. 2006) (unpublished decision), *cert. denied*, 127 S.Ct. 2039 (2007) (same, citing *Schlup, supra*) ; *Reynolds v. Hines*, No. 02-7043, 2003 WL 170678 (10th Cir. Jan. 27, 2003) (unpublished decision) (same, applying *Schlup* standard of proof).

According to Petitioner, he was convicted by the sole testimony of Kevin Stewart. Petitioner's Reply at 4-5.[10] Petitioner claims that although he instructed his attorney to subpoena Ms. Sandra Shepherd to testify at trial, neither defense counsel nor the prosecutor called her to testify. *Id.* at 4.[11] Petitioner alleges that alibi was his principal defense, and therefore he was prejudiced by the prosecution's failure to disclose and defense counsel's failure to investigate and present "vital alibi testimony" from Ms. Shepherd, a "disinterested alibi witness." Petitioner's Reply at 2. In support of his assertion that "newly discovered evidence" shows that he is actually innocent,

---

[10] According to Petitioner, Stewart had a motive to lie and blame the shooting incident on Petitioner. Petitioner's Reply at 4-5. Petitioner has attached an excerpt of the trial transcript showing that Stewart testified that prior to the shooting on June 14, 1999, he had participated in a home burglary with Petitioner, and that on a subsequent occasion he overheard Petitioner telling John [Ward] that "he'd shot some guy at J.W.'s." Petitioner's Reply, attached page 95 of trial transcript.

[11] The district court docket shows that on April 12, 2000, a subpoena was "issued back to attorney" for service on Sandy Shepherd. Respondent's Brief, Ex. 4 at p. 9. However, Petitioner states that his attorney told him that he was unable to contact Ms. Shepherd. Petitioner's Reply at 4. Attached to the reply is what appears to be a page of the trial transcript reflecting that the trial court inquired whether the defense would call Ms. Shepherd as a witness, and the prosecutor stated that he had contacted Ms. Shepherd, that he did not call her to testify because of "her state of mind at that time" and that he would not "repeat what she said." *Id.*, first attachment (referred to by Petitioner as Trial Transcript, volume 1, page 24).

Petitioner's Response to Order to Show Cause at 2, Petitioner has submitted a statement by Ms. Shepherd concerning Petitioner's whereabouts at approximately 6:00 a.m. the morning of the shooting.[12] *See generally* Respondent's Brief, Ex. 1 at 2-5 and Ex. 2 at 2-3 (Direct appeal briefs of Petitioner and the State describing the facts of the case). Petitioner claims that the crime occurred on June 14, 1999, "at 5:00 a.m. 10 blocks away from [M]s. Shepherd's home," and that Ms. Shepherd's testimony that Petitioner was at her home at 6:00 a.m., coupled with testimony at trial of State's witness John Ward, that Petitioner was at his home at 6:00 a.m., 18 blocks from the scene of the crime, provides evidence of his innocence.[13] Petitioner's Reply at 3.

---

[12]Petitioner claims that on May 16, 2006. his mother sent him the newly discovered "affidavit" by Ms. Shepherd. Petitioner's Response to Show Cause Order at 6. However, Ms. Shepherd's statement, which is attached to Petitioner's response to the show cause order and his reply to the motion to dismiss, is not an affidavit–the statement is neither dated nor sworn. By motion filed August 7, 2007 [Doc. No. 13], Petitioner seeks permission to file a "certified affidavit" sworn by Ms. Shepherd on July 23, 2007. By separate order of this date, Petitioner's motion is granted and therefore, the affidavit has been considered by the undersigned for purposes of considering Petitioner's actual innocence tolling argument. In the affidavit executed on July 23, 2007, Ms. Shepherd states:

> On Monday, June 14,1999, I awoke & turned on the television at approximately 6:00 a.m. The news stated that there was a shooting on Noble in Guthrie. I became upset because this was so close to home & I ran out to the garage room where my boys sleep. I woke them up to tell them and noticed [Petitioner] was still there. I was worried about my estranged husband who resides not too far from J.W.'s. I told my boys to call him and they refused, so [Petitioner] agreed to call for me because I was so shook up. We reached my estranged husband by phone about 6:15 and I determined that he was okay, so Keith went back to bed. I got ready for work & went out to say goodbye to the boys & Steven said that he & [Petitioner] were hungry & would I take them to the store before I went to work. We left approximately 7:15 a.m. I brought the boys back home & as far as I know, they went back to sleep.

Petitioner's Motion to Authenticate Documentation [Doc. No. 13], Attached Affidavit of Sandra Shepherd.

[13]The undersigned notes that both Petitioner and the State include in their "Statement of Facts" the fact that John Ward testified Petitioner came to his home early the morning of the shooting and admitted that "he shot somebody." Respondent's Brief, Ex. 1 at 3-4; Ex. 2 at 3. Petitioner has attached an undated and unsworn note purportedly by John Ward, stating that he doesn't know who the shooter was. Petitioner's Reply, Attachment B. Because this documents lacks any authenticity, it has not been considered as part of Petitioner's claim that newly discovered evidence proves his actual innocence.

Even assuming without deciding that the July 23, 2007, affidavit of Sandra Shepherd constitutes "new" evidence as required by *Schlup*, Ms. Shepherd's statement does nothing to undermine the outcome of the trial. Accepting the truth of Ms. Shepherd's affidavit, this evidence, had it been admitted as testimony at Petitioner's trial, does not have the indicia of reliability sufficient to make out a claim of actual innocence. Certainly, it does not fall into one of the categories of evidence enumerated by the Supreme Court. *Schlup*, 513 U.S. at 324 ("exculpatory scientific evidence, trustworthy eyewitness accounts, . . . critical physical evidence"). *Schlup*, 513 U.S. at 324.[14] At most, the evidence might have impeached the credibility of some of the prosecution's witnesses. *Id.* at 330 ("[T]he newly presented evidence may indeed call into question the credibility of the witnesses presented at trial. In such a case, a habeas court may have to make some credibility assessments."). The undersigned finds that such evidence simply does not meet the extraordinarily high threshold of showing that had it been presented at trial the jury probably would have concluded that Petitioner was innocent of the crime of which he was convicted.[15] *Herrera*, 506 U.S. at 417. Accordingly,

---

[14]At best, Ms. Shepherd's testimony indicates that Petitioner was in her home approximately 6:00 a.m., after the crime had already been committed and was being reported by the media.

[15] Petitioner's reliance on *Garcia v. Portuondo*, 334 F.Supp.2d 446 (S.D.N.Y. 2004), does not bolster his equitable tolling argument. *See* Petitioner's Response to Show Cause Order at 4. In *Garcia*, in response to a motion to dismiss the § 2254 petition as untimely, the petitioner argued that an exception to the limitation period should be made based on his claim of actual innocence. The prosecution's case against Mr. Garcia turned on the in-court identification and testimony of an eye-witness, and the new evidence in question was proof that the defendant had been out of the country at the time the crime of conviction (murder) was committed. *Id.* at 453. Mr. Garcia presented new evidence including, *inter alia*, statements of airport representatives verifying that Garcia was arrested in the Dominican Republic the day before the murder was committed, statements of Dominican Republic police personnel attesting to the same and numerous affidavits of individuals stating that they had each seen and spoken to Garcia in the Dominican Republic on the night of the murder. *Id.* The court also considered the diligence with which Garcia had pursued his claim of actual innocence and was unwilling to conclude that he had not exercised diligence.
(continued...)

equitable tolling of the one-year limitations period is not appropriate based on Petitioner's claim of actual innocence. *See Whitebird v. Snider*, No. 01- 6107, 2001 WL 1345095, *2 (10th Cir. Nov. 1, 2001) (unpublished decision) (affidavits of petitioner and co-defendant which averred that petitioner was not involved in the robbery in question insufficient to show actual innocence that would equitably toll limitations period); *Thompson v. Simmons*, No. 98-3270, 1999 WL 339697, * 1 (10th Cir. May 28, 1999) (unpublished decision) (for purposes of equitable tolling, "Thompson has not supported his allegation of innocence with evidence sufficient to undermine our confidence in the outcome of his criminal proceedings."). Nor has Petitioner presented any other extraordinary circumstances that mandate equitable tolling.[16]

Additionally, Petitioner has not provided "specificity regarding the steps he took to diligently pursue his federal claims," *Miller*, 141 F.3d at 978, and thus, his allegations of due diligence are conclusory. After the OCCA affirmed Petitioner's convictions in April 2001, and his conviction became final in July 2001, Petitioner waited nearly two years before filing his first application for post-conviction relief, and after the application was denied, the OCCA declined jurisdiction of his appeal. With respect to his actual

---

[15](...continued)
*Id.* at 452. In denying the motion to dismiss, the court found that based on the new evidence, "petitioner has made a credible claim of actual innocence, as the evidence is so strong that [the Court] cannot have confidence in the outcome of the trial." *Id.* at 456 (quotation marks and citation omitted).

Contrary to Petitioner's assertion, the evidence submitted by Petitioner does not undermine the Court's confidence in the outcome of his trial.

[16]Although Petitioner appears to argue that the untimeliness of his petition should be excused because he was unable to obtain the statement from Ms. Shepherd until May 2006, the Tenth Circuit has refused to recognized this type of delay as an extraordinary circumstance necessary to excuse the failure to timely file a habeas petition. *See Rose v. Newton-Embry*, No.05-6245, 2006 WL 2536601 (10th Cir. Sept. 5, 2006) (rejecting petitioner's request for equitable tolling based on claims that she "diligently attempted to secure an affidavit from Tera Potts, but was frustrated in doing so by Potts' efforts to make herself scarce.") (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)).

innocence claim, Petitioner does not allege what steps were taken to find Ms. Shepherd; he alleges only that Ms. Shepherd's purported testimony was not known until May 16, 2006, when Petitioner's mother found Ms. Shepherd living in Arizona and sent the "affidavit" to Petitioner. Petitioner's Response to Show Cause Order at 6. Petitioner does not allege what steps he took prior to this date to investigate the possibility that this witness had relevant information, particularly since he alleges that Ms. Shepherd had been subpoenaed for trial and the information eventually came from his own mother. In any event, Petitioner fails to show due diligence with respect to his claim of newly discovered evidence. Even if he raised his actual innocence claim in the second post-conviction application filed on June 15, 2006, after the district court denied the application, Petitioner failed to properly appeal that denial and the OCCA dismissed the appeal, declining jurisdiction, on November 21, 2006. Petitioner waited nearly another three months before filing his federal habeas petition. In short, Petitioner has failed to explain or support his conclusory assertion of diligence. Because Petitioner has not shown actual innocence or due diligence, the statute of limitations should not be equitably extended beyond the expiration date.

Because Petitioner is not entitled to statutory or equitable tolling, the limitation period for filing this habeas action expired on July 16, 2002, and his petition filed on February 13, 2007, is untimely.

**RECOMMENDATION**

For these reasons, it is the recommendation of the undersigned Magistrate Judge

that Respondent's motion to dismiss [Doc. No. 10] be granted and the petition be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A). It is further recommended that Petitioner's "Motion to Authenticate Documentation" [Doc. No. 13] be granted to the extent the affidavit of Sandra Shepherd has been considered to support Petitioner's actual innocence equitable tolling argument. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 20, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F. 2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 31st day of January, 2008.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE